IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSEPH DAVID HANCOCK | § | |
| TDCJ-CID NO. 592274 | § | |
| v. | § | C.A. NO. V-11-030 |
| | § | |
| RICK THALER | § | |

**OPINION AND ORDER GRANTING**
**RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Stevenson Unit in Cuero, Texas. (D.E. 1). On May 31, 2011, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary proceeding. Pending is Respondent's motion for summary judgment. (D.E. 11). Petitioner filed a response on August 15, 2011. (D.E. 12). For the reasons stated herein, Respondent's motion for summary judgment is granted, and this habeas petition is dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner is confined in Cuero, Texas. (D.E. 1). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(5). Upon consent of the parties, (D.E. 5, 14), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 15); see also 28 U.S.C. § 636(c).

## II. BACKGROUND

On November 10, 2010, Petitioner was notified that he was being charged by Texas Department of Criminal Justice ("TDCJ") officials for threatening to inflict harm on an officer.

(D.E. 11-2, at 3).  At the November 16, 2010 hearing, the disciplinary hearing officer found him guilty as charged on the basis of the charging officer's report and testimony.  Id.  As a result, the TDCJ assessed a forty-five day loss of commissary privileges, imposed forty-five days of cell restrictions, and reduced his line class from L1 to L2.  Id.; (D.E. 1, at 5).

Petitioner submitted a Step 1 grievance on December 1, 2010 appealing the ruling in the disciplinary proceeding.  (D.E. 1-4, at 1).  This grievance was denied on December 3, 2010.  Id. at 2.  He then filed his Step 2 grievance on December 8, 2010, id. at 3, but this too was denied on January 12, 2011.  Id. at 4.

### III.  PETITIONER'S ALLEGATIONS

Petitioner challenges the validity of his disciplinary proceeding on Due Process grounds. He asserts that the evidence was insufficient to support a finding of guilt, he was denied the opportunity to present witnesses, and he received ineffective assistance of counsel.  (D.E. 1, at 6-8; D.E. 1-1, at 2-3, 5-7).  Petitioner further charges a prison official with applying excessive force on him, and he claims that prison medical personnel did not adequately treat his alleged injuries.  (D.E. 1, at 7-8; D.E. 1-1, at 3-6).

### IV.  DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner has failed to allege actionable claims pursuant to federal habeas law.  (D.E. 11, at 4-7).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1992) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc.

3

v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.      Petitioner's Due Process Challenge Of His Disciplinary Punishment Does Not Implicate A Constitutionally Protected Right.**

Petitioner complains about the adverse disciplinary action flowing from his conviction at the disciplinary proceeding.  (D.E. 1, at 5).  Respondent, however, counters that Petitioner failed to allege the requisite constitutional deprivation necessary for federal habeas relief to be granted. (D.E. 11, at 4-6).  Specifically, Respondent argues that neither the forty-five days loss of commissary privileges, the forty-five days of cell restrictions, nor the reduction in line class from L1 to L2 amount to liberty interests protected by the Due Process Clause.  Id. at 4.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated."  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'") (citation omitted).  The Supreme Court has explained that:

> [T]hese [liberty] interests will be generally limited to freedom
> from restraint which, while not exceeding the sentence in such an
> unexpected manner as to give rise to protection by the Due Process
> Clause of its own force, ... nonetheless imposes atypical and
> significant hardship on the inmate in relation to the ordinary
> incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which

4

affect the quantity of time rather than the quality of time served by a prisoner."  <u>Madison</u>, 104

F.3d at 767.

**1.      Petitioner had no liberty interest in his commissary or cell privileges.**

As a result of Petitioner's disciplinary conviction, he lost forty-five commissary days and

had forty-five days of cell restrictions imposed.  (D.E. 1, at 5).  The loss of commissary and cell

privileges, however, are not atypical, significant deprivations that could encroach upon any

liberty interest.  <u>Sandin</u>, 515 U.S. at 485-86; <u>Madison</u>, 104 F.3d at 768 ("[petitioner's] 30 day

commissary and cell restrictions ... do not represent the type of atypical, significant deprivations

in which a state might create a liberty interest.").  Similarly, segregated confinement as a

disciplinary sanction has not been found to implicate constitutional liberty interests.  <u>Sandin</u>, 515

U.S. at 486.

The Supreme Court and Fifth Circuit have addressed these issues directly and concluded

that they are not the type of liberty interests protected by the Fourteenth Amendment.  Therefore,

Petitioner's challenge of the forty-five days loss of commissary privileges and forty-five days of

cell restrictions does not invoke actionable liberty interests.

**2.      Petitioner had no liberty interest in his line class status.**

Petitioner's line class was also reduced from L1 to L2 as a result of the disciplinary

hearing.  (D.E. 1, at 5); (D.E. 12-2, at 3).  The Fifth Circuit has held that prisoners do not have a

protected interest in assignment to any good-time credit earning status.  <u>Malchi</u>, 211 F.3d at 958-

59; <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).  Simply put, even if the TDCJ

erroneously convicted Petitioner because its deficient procedures would otherwise have violated

due process, the lack of any constitutional deprivation of liberty means there is no due process

violation.  Accordingly, Petitioner fails to state a claim based on the change in his line class.[1]

**C.      Petitioner's Excessive Force Claim Is Outside The Scope Of This Court's Habeas Jurisdiction.**

Petitioner also asserts that his Eighth Amendment rights were violated by a prison official and medical personnel.  (D.E. 1, at 7-8).  He claims that during the incident that eventually became the subject of the disciplinary proceeding, he was physically and verbally abused in an encounter with Lieutenant Moorman.  (D.E. 1-2, at 1-2).  He also alleges that medical staff failed to treat his injuries with a sufficient level of care.  (D.E. 1-1, at 5-6).  Petitioner has therefore included a general request for "all other relief to which he may be entitled at law or equity."  (D.E. 1-2, at 7).

A habeas petition "is the proper vehicle to seek release from custody."  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)).  On the other hand, civil rights suits pursuant to 42 U.S.C. § 1983 "are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."  Id. (citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994)).  In determining which one is proper for a prisoner's claims, the Fifth Circuit has adopted a bright-line rule: "If 'a favorable determination ... would not automatically

---

[1] Petitioner also appears to complain that his projected release date was delayed from 2012 to 2014 due, in part, to the reduction in his line class status resulting from the disciplinary proceeding at issue.  (D.E. 1-9, at 2).  As the Fifth Circuit observed in Malchi, however, an inmate's "projected mandatory supervision release date is speculative" because it is subject to change based on the inmate's future conduct.  211 F.3d at 958.  While the Fifth Circuit acknowledged that a prisoner's "time-earning status is less attenuated from his mandatory release than release on parole," it nevertheless concluded that "the timing of [a petitioner's] release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status, which right the Texas legislature has specifically denied creating."  Id. at 959 (citing Bulger v. United States, 65 F.3d 48, 50 (5th Cir. 1995)).  To the extent Petitioner seeks to return to line class L1 based on the fact that his projected mandatory supervision release date has been delayed, this claim is therefore dismissed for failure to allege the deprivation of a due process liberty interest.

6

entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." Id. at 820-21 (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

Petitioner's excessive force claim does not implicate a set of facts that would shorten or lengthen his stay in custody, and he does not seek to be released from custody on these grounds. Therefore, Petitioner has not met his burden in establishing subject matter jurisdiction pursuant to the habeas statute. Accordingly, the Court lacks jurisdiction to hear Petitioner's excessive force claim.[2]

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S.

---

[2] Petitioner may still file his claims in a § 1983 civil rights suit. He may obtain the proper form to file a complaint from the Stevenson Unit law library, or the Clerk of the Court.

322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further."  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, Petitioner is not entitled to a certificate of appealability.

8

## VI.  CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 11), is granted, and this habeas petition, (D.E. 1), is dismissed.  Additionally, Petitioner is denied a certificate of appealability.

ORDERED this 14th day of November 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE